## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>*Plaintiff,*<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br>950 Pennsylvania Ave., NW<br>Washington, DC, 20530,<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>*Defendants.* | Civil Action No.: 24-3105 |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.    The Foreign Agents Registration Act, 22 U.S.C. § 611 *et seq.*, requires certain agents of foreign principals who are engaged in political or other specified activities to make periodic public disclosure of their agency relationship and of the activities, receipts, and disbursements in support of thereof.

2.    The Act is the paradigmatic public disclosure statute, enacted for the express purpose of ensuring citizens are "informed as to the identities and activities of [foreign agents]" so that they will "be better able to appraise them and the purposes for which they act." H.R. Rep. No. 89-1470, at 2 (1966), https://perma.cc/MT42-TRME.

3.    The Act protects the public's right to know what foreign governments and corporations are up to, protecting our national defense, economic security, and

1

Constitutional system. Among other things, foreign agent registration provides a window into the foreign business relationships and entanglements of high-ranking political officials and their family members and a critical path for exposing influence peddling.

4.    The Department of Justice had actual knowledge that AJP Educational Foundation, Inc. a/k/a American Muslims for Palestine ("AMP"), National Students for Justice in Palestine ("NSJP"), Osama Abuirshaid, Hatem Bazian, and WESPAC Foundation, Inc. ("WESPAC") have been statutorily defined foreign agents of the terror group Hamas and other "Palestinian" principals and therefore were legally obligated to register as such. However, the Department has not required any of them to register nor undertake a waiver rulemaking.

5.    America First Legal Foundation is a national nonprofit legal foundation that advocates for "America First" policies to protect our sovereignty, economic security, and Constitutional order. To that end, it gathers official information, analyzing and disseminating it through reports, press releases, media, and communications with congressional oversight committees. *See, e.g.*, *America First Legal Releases New Evidence, Files Formal Complaint With the DOJ to Investigate UK-Based "Center for Countering Digital Hate" for Engaging in a Foreign Influence Campaign to Stop Free Speech in the United States*, AM. FIRST LEGAL (Oct. 31, 2024), https://perma.cc/R82Q-HL3T; *America First Legal Releases More of Biden's Vice Presidential Records Revealing Influence Peddling and Corruption Between the White*

*House and Hunter's Private Foreign Business Dealings*, AM. FIRST LEGAL (May 3, 2023), https://perma.cc/D4ZC-UKH5.

6.     Foreign agent registration information helps America First Legal and those with whom it communicates evaluate the policies and public opinion messaging of the Biden-Harris Administration, its allies, and foreign economic and political actors.

7.     On August 16, 2024, America First Legal asked the defendants to comply with the Act by requiring registration under the Foreign Agents Registration Act for AMP, NSJP, Abuirshaid, Bazian, and WESPAC. *See* Letter from Reed. D. Rubinstein, Senior Vice President, Am. First Legal Found., to Matthew G. Olsen, Ass't Att'y Gen. for Nat'l Sec., U.S. Dep't of Just. (Aug. 16, 2024), Exhibit 1; *see also America First Legal Slams the Biden-Harris Administration's Failure to Enforce Laws Against the Pro-Hamas Network in the United States*, AM. FIRST LEGAL (Aug. 19, 2024), https://perma.cc/N6J7-YRZV.

8.     If the Department of Justice becomes aware that a certain individual is required to register under the Foreign Agents Registration Act but that such registration has not occurred, then the Department has a nondiscretionary duty either to require it or to undertake a waiver rulemaking. Nevertheless, to date, the defendants have refused to do either of these things.

9.     The defendants' refusal to require AMP, NSJP, Abuirshaid, Bazian, and WESPAC to register as foreign agents denies America First Legal information which

must be publicly disclosed pursuant to the Foreign Agents Registration Act, and to which it has a statutory right.

10.    Furthermore, this information is directly related both to America First Legal's informed participation in the political process regarding its advocacy of America First policies aimed at protecting our nation's sovereignty, borders, economic security, and Constitution and to its core public education mission of disclosing relevant information regarding the operation of the government and the integrity of public officials.

11.    The defendants have therefore caused America First Legal the very harm that Congress sought to prevent by requiring disclosure in the first place, inflicting injury in fact. *Campaign Legal Ctr. v. Fed. Election Comm'n,* 31 F.4th 781, 789 (D.C. Cir. 2022); *Elec. Priv. Info. Ctr. V. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 378 (D.C. Cir. 2017).

12.    Accordingly, America First Legal seeks relief under the Administrative Procedure Act, 5 U.S.C. § 706.

## Jurisdiction and Venue

13.    This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

14.    Venue is proper under 28 U.S.C. § 1391(b)(1), (2).

## Parties

15.    The plaintiff America First Legal Foundation is a national, nonprofit legal foundation working to promote the rule of law, prevent executive overreach, protect due process and equal protection, and educate Americans about the individual

4

rights guaranteed under the Constitution and laws of the United States. America First Legal's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, media, and communications with congressional oversight committees, all to educate the public and to keep government officials accountable for their duty to faithfully execute, protect, and defend the Constitution and laws of the United States. America First Legal's email list contains over 139,000 unique addresses; it has over 300,000 followers on X, its Founder and President has over 767,000 followers on X, and its Facebook page has 239,000 followers.

16.    The defendant Department of Justice is a federal agency.

17.    The defendant Merrick Garland is the Attorney General of the United States. He is sued in his official capacity.

## Background

### The Foreign Agents Registration Act

18.    The Foreign Agents Registration Act, Pub. L. 75-583, as amended (codified at 22 U.S.C. § 611 *et seq.*) protects the "national defense, internal security, and foreign relations of the United States" by requiring public disclosure of the persons engaging in influence and advocacy activities for or on behalf of foreign governments, foreign political parties, and other foreign principals "so that the Government and the people of the United States may be informed of the identity of such persons and may appraise their statements and actions in the light of their associations and activities." *See Meese v. Keene*, 481 U.S. 465, 469 (1987) (quoting 56

Stat. 248, 77 Cong. Ch. 263, (Apr. 29, 1942) (cleaned up)); Jacob R. Straus, Cong.

Rsch. Serv., R46435, Foreign Agents Registration Act (FARA) at 7–9 (2020),

https://perma.cc/CUJ9-EBS2.

19.     The Act was amended in the 89th Congress to shift its focus from

propaganda to advocacy activities. During the Senate debate, Sen. James Fulbright

explained why:

> The basic purpose of the bill is to update the Foreign Agents Registration Act to reflect the changes in the nature of the U.S. role in world affairs today. A quarter of a century ago, the original targets of this act were the subversive agent and propagandist. But as our interests throughout the world have multiplied, the efforts of foreign interests to influence American foreign and domestic politics have become correspondingly greater and more subtle. **The place of the old foreign agent has been taken by the professional lobbyists and public opinion manipulators** whose object is not [to] subvert the Government but to influence its policies to the satisfaction of his client. The trench coat has been replaced by the gray flannel suit.

111 Cong. Rec. 6984 (1965) (statement of Sen. Fulbright) (emphasis added),

https://perma.cc/EQZ5-AZNE.

20.     Currently, the Act defines a "foreign principal" as a "government of a

foreign country and a foreign political party," "a person outside the United States,"

and "a partnership, association, corporation, organization, or other combination of

persons organized under the laws of or having its principal place of business in a

foreign country." 22 U.S.C. § 611(b).

21.     The Act further defines an "agent of a foreign principal" as "any person

who acts as an agent, representative, employee, or servant, or any person who acts in

any other capacity at the order, request, or under the direction or control, of a foreign

principal or of a person any of whose activities are directly or indirectly supervised,

directed, controlled, financed, or subsidized in whole or in major part by a foreign principal." 22 U.S.C. § 611(c)(1). It also includes "any person who agrees, consents, assumes or purports to act as, or who is or holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal." 22 U.S.C. § 611(c)(2).

22.    The Act requires the agent of a foreign principal to register if he or she acts, "within the United States," "under the direction or control, of a foreign principal" and "for or in the interests of" that foreign principal, "engages ... in political activities"; "acts ... as a public relations counsel, publicity agent, information-service employee or political consultant"; "solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value"; or "represents the interests of such foreign principal before any agency or official of the Government of the United States." 22 U.S.C. § 611(c)(1)(i)–(iv).

23.    The Act further requires the registration statement to contain the "degree of specificity necessary to permit meaningful public evaluation of each of the significant steps taken by a registrant to achieve the purposes of the agency relation." 28 C.F.R. § 5.210; *see also* 22 U.S.C. § 612.

24.    The Department of Justice's regulations require registrants to "keep and preserve" eight different categories of "books and records," including "communications to and from all foreign principals and all other persons, relating to the registrant's activities on behalf of, or in the interest of any of his foreign principals"; communications "relating to political activity on the part of any of the

registrant's foreign principals"; and "bookkeeping and other financial records." 28
C.F.R. § 5.500(a). Such records must be kept "readily accessible for inspection" by the
Department. 28 C.F.R. § 5.500(b).

25.    The Act further requires that "[r]egistration statements, informational
materials, Dissemination Reports, and copies of political propaganda filed under
section 4(a) of the Act, shall be available for public examination at the Registration
Unit on official business days, during the posted hours of operation." 28 C.F.R.
§ 5.600; *see also* 22 U.S.C. § 616(a).

26.    The Act further requires registration statements "to be filed with the
Attorney General." 22 U.S.C. § 611(k).  It allows the Attorney General "by regulation"
to provide for an exemption from registration. 22 U.S.C. § 612(f). However, neither
the publication of registration statements nor the rulemaking required for waivers is
committed to the Attorney General's discretion.

27.    The Act defines the term "person" to include "an individual, partnership,
association, corporation, organization, or any other combination of individuals." 22
U.S.C. § 611(a).

28.    On its website, the Department of Justice invites members of the public
to "Report a Violation" of the Act. *FARA Enforcement*, U.S. DEP'T OF JUSTICE (updated
Mar. 15, 2023), https://perma.cc/WN3Y-W3ZF.

29.    The Department reviews a range of publications, websites, Lobbying
Disclosure Act filings for indications of a connection between a potential agent and a
foreign principal, existing Foreign Agents Act Registration information, referrals

from other government offices or agencies, and information reported by the public to identify and make contact with individuals or entities that may have an obligation to register. Off. of the Inspector Gen., U.S. Dep't of Just., Audit Div. 16-24, Audit of the National Security Division's Enforcement and Administration of the Foreign Agents Registration Act at 13 (2016), https://perma.cc/8G8W-K2JM.

30.     When a potential obligation to register is found, the Department issues a letter of inquiry to the potential registrant advising of requirements under the Act and requests additional information relevant to registration status. The Department has found that most of the recipients of such letters respond within a reasonable amount of time. *Id.*

31.     If there is no response to the letter, a seemingly false response, or another reason to believe a significant offense has been committed, the Department refers the matter to the Federal Bureau of Investigation. *Id.*

32.     In exercising its prosecutorial discretion, the Department often declines to criminally prosecute cases even when there is solid evidence of a violation of the Act. Instead, because the primary goal of the Act is to ensure appropriate registration and public disclosure, the Department has a clear preference toward pursuing registration for the alleged violators. *Id.* at 10–11.

33.     Under the Act, "[i]f the Attorney General determines that a registration statement does not comply with the requirements of this subchapter or the regulations issued thereunder, he *shall* so notify the registrant in writing." 22 U.S.C. § 618(g) (emphasis added).

9

34. As alternatives to criminal enforcement, the Department can send the potential violator a Notice of Deficiency ("NOD"), a Notice of Non-Compliance ("NONC"), or the Department may even seek civil injunctive relief under 22 U.S.C. § 618(f). *See, e.g.*, Complaint ¶¶ 22, 27, *Att'y Gen. of the United States v. Federación de Alcades Pedaneo,* No. 5:23-cv-1575 (E.D. Pa. Apr. 25, 2023), https://perma.cc/6X98-PQAT.

<u>Foreign Principals</u>

35. Hamas, the Palestinian Authority, the Palestine Liberation Organization, Islamic Jihad, and other similar "Palestinian" organizations or persons are all either a "foreign government," a "foreign political party," a "person outside of the United States," or a "combination of persons organized under the laws of or having its principal place of business in a foreign country." Accordingly, they are all foreign principals under the Act. 22 U.S.C. § 611(b)(1)–(3).

36. Mohammad Raad, a Hezbollah MP, stated in an interview that Arabs must invest in change in the west. He said, "We're currently investing in protests and demonstrations in Western countries, especially among college students," as these students will bring "positive activity" for groups like his in the future. Eyal Yakoby (@EYakoby), X, (Oct. 20, 2024, 7:06 PM), https://perma.cc/3VBJ-2UF7. Mohammad Raad, a foreign person outside the United States, and Hezbollah, a foreign political party, are foreign principals under the Act. 22 U.S.C. § 611(b)(1), (2).

<u>American Muslims for Palestine</u>

37.     AJP Educational Foundation, Inc. a/k/a American Muslims for Palestine ("AMP") is a 501(c)(3) non-profit corporation incorporated in California with its principal place of business in Falls Church, Virginia. *From Ivory Towers to Dark Corners: Hearing Before the H. Comm. on Ways & Means*, 118th Cong. (2023) (statement of Dr. Jonathan Schanzer, Senior Vice President for Rsch., Found. for Def. of Democracies), https://perma.cc/A9DJ-EMH6.

38.     It is essentially a new name for the Hamas-funding and public relations enterprise formerly led by front groups called the Islamic Association for Palestine and the Holy Land Foundation. *See generally id.; Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 549–50 (7th Cir. 2021); Will Carless & Romina Ruiz-Goiriena, *Amid Campus Protests, Organizers with Past Ties to Hamas Support Also Emerge*, USA TODAY (May 22, 2024), https://perma.cc/6KA7-RZDY; LORENZO VIDINO, THE HAMAS NETWORK IN AMERICA, GW PROGRAM ON EXTREMISM (Oct. 13, 2023), https://perma.cc/W8MM-XDHX.

39.     The Islamic Association for Palestine was a Hamas public relations counsel founded and controlled by members of Hamas's senior leadership, including Khaled Mashal, the former head of Hamas's Political Bureau until 2017 and current leader of Hamas's diaspora office, and financed by Mousa Abu Marzook (a/k/a Abu Omar, Abu Umar, Abu Rizq) ("Marzook"), a "Specially Designated Global Terrorist." LORENZO VIDINO, *supra*, at 7–8; Complaint ¶ 22, *Parzier v. AJP Educ. Found., Inc.*,

No. 1:23-cv-724 (E.D. Va. May 1, 2024), https://perma.cc/VCS2-CTC6; *Sanctions List Search*, OFF. OF FOREIGN ASSETS CONTROL, https://perma.cc/U9B4-5DNU.

40.    The entity called "American Muslims for Palestine" uses the entity called "AJP Educational Foundation, Inc." as its fiscal sponsor. *About AMP*, AM. MUSLIMS FOR PALESTINE, https://perma.cc/5M7E-T8GF; s*ee also* Press Release, Jason Miyares, Attorney General of Virginia, Attorney General's Office Opens Investigation Into American Muslims for Palestine Nonprofit (Oct. 31, 2023), https://perma.cc/68UW-GYM6.

41.    AMP was created to undertake as the successor to the Holy Land Foundation and the Islamic Association for Palestine. It operates at the request or under the direction of foreign principals, *i.e.*, senior Hamas leadership. AMP as an agent of a foreign principal under 22 U.S.C. § 611(c)(1)(i). AMP has continued the Islamic Association for Palestine's objective of being a Hamas public relations counsel, thus qualifying AMP as an agent of a foreign principal under 22 U.S.C. § 611(c)(1)(ii). AMP is also a Hamas-funding enterprise, thus also qualifying as an agent of a foreign principal under 22 U.S.C. § 611(c)(1)(iii). *See* generally *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 549–50 (7th Cir. 2021); Will Carless & Romina Ruiz-Goiriena, *Amid Campus Protests, Organizers with Past Ties to Hamas Support Also Emerge*, USA TODAY (May 22, 2024), https://perma.cc/6KA7-RZDY.

<u>National Students for Justice in Palestine</u>

42.    National Students for Justice in Palestine ("NSJP") is an unincorporated    association    of    "chapters."    AMP    maintains    organizational

management and control of its activities and messaging. DAN DIKER WITH JAMIE BERK, STUDENTS FOR JUSTICE IN PALESTINE at 7, JERUSALEM CTR. FOR PUB. AFFS. (2018), https://perma.cc/46AB-L6V9.

43.    NSJP, through its leadership and recruited grassroots supporters, has (1) regularly identified itself as a supporter of, and sometimes even part of, Hamas and its affiliated movement; (2) disseminated instructions from Hamas and other foreign terrorist organizations; (3) hosted speakers that are Specially Designated Global Terrorists or affiliated with them; and (4) provided direct aid to the same. Complaint ¶ 38, *Parzier v. AJP Educ. Found., Inc.,* No. 1:23-cv-724 (E.D. Va. May 1, 2024), https://perma.cc/VCS2-CTC6.

44.    For Example, within hours of Hamas's October 7th attack, Hamas leader Ismail Haniyeh called for Hamas's "resistance abroad" to "join this battle any way they can." He also stated, "[l]et us be partners in creating this great victory, inshallah." *Id.* ¶ 52.

45.    NSJP and AMP responded immediately. Within hours of the attack, the language of the Hamas-authored disinformation campaign appeared in NSJP propaganda across social media and on college campuses in the United States. *Id.* ¶ 53.

46.    On October 8th, NSJP released a "Day of Resistance [sic] Toolkit" across more than 300 American college campuses and on the internet. This "Toolkit" is political and public relations advocacy for Hamas under the Foreign Agents Registration Act. *Id.* ¶¶ 53–75.

47.    NSJP exists to carry out activities at the request or under the direction Hamas and other foreign terrorist organizations. Accordingly, NSJP qualifies as an agent of a foreign principal under 22 U.S.C. § 611(c)(1). NSJP hosted terrorists as speakers and spread instructions from Hamas and other groups, 22 U.S.C. § 611(c)(1)(i), (ii), and they also they provided direct aid to Hamas and other foreign terrorist organizations. 22 U.S.C. § 611(c)(1)(iii).

<u>Osama Abuirshaid</u>

48.    Abuirshaid is the Executive Director and a board member of AMP. *Our Team*, AM. MUSLIMS FOR PALESTINE, https://perma.cc/B24J-9GBR. He is also a board member of the U.S. Council of Muslim Organizations (USCMO), an umbrella organization of eight major national American Muslim organizations, some with direct Hamas and other foreign principal ties. *Id*; *see also United States Council of Muslim Organizations* (USCMO), INFLUENCEWATCH, https://perma.cc/8W53-8TWA.

49.    Abuirshaid engages in activities at the direction of and/or on behalf of a foreign principal. He disseminates propaganda and engages in political activity for the benefit of Hamas. In fact, in 2014, Abuirshaid "was featured on the website of Hamas's self-declared military wing, the al-Qassam Brigades. Schanzer, *supra* at 9.

50.    On May 15, 2024, at his direction, AMP put out a notice explicitly identifying itself with a foreign principal: "At the 76th Anniversary of the Nakba, **We Honor Our History of Resilience**[.] On this day, Palestinians mark the Nakba, or 'Catastrophe,' of 1948 with clear reminders that the Nakba is still ongoing, or *mustamirra*." *See The Ongoing Nakba and Palestinian Resilience to Live Free*, AM.

MUSLIMS FOR PALESTINE (May 15, 2024), https://perma.cc/3LDH-CDMC (emphasis added).

51.     Aburshaid engages in activities at the order, request, or under the direction or control of a foreign principal. 22 U.S.C. § 611(c).  He also directed AMP to state, "We Honor Our History of Resilience" ("We" and "Our" describing Palestine), showing that he holds himself out to be an agent of Palestine. 22 U.S.C. § 611(c)(2). Aburishaid's dissemination of propaganda in support of Hamas further qualifies him as an agent of a foreign principal under 22 U.S.C. § 611(c)(1)(i), (ii).

Hatem Bazian

52.     Bazian is AMP's Founder and Chairman. *Our Team*, AM. MUSLIMS FOR PALESTINE, https://perma.cc/B24J-9GBR; Complaint ¶ 29, *Parzier v. AJP Educ. Found., Inc.,* No. 1:23-cv-724 (E.D. Va. May 1, 2024), https://perma.cc/VCS2-CTC6.

53.     According to one scholar, he has "one foot in the Hamas-adjacent world" and "one foot in the more, let's say, left-leaning pro-Palestinian, SJP … kind of world. He does both. He's sort of the bridge between the two worlds at a very senior level." *See* Ari David Blaff, *Meet the Student Group—With Alleged Links to Hamas—Driving the Anti-Israel Encampments*, NAT'L POST (June 18, 2024), https://perma.cc/AAR9-A6RX (quoting Lorenzo Vidino, terror finance expert at George Washington University's Program on Extremism).

54.     The United States Government found that Bazian knowingly raised money for a Hamas front group called "Kindhearts" in 2004. *See* Schanzer, *supra* at 10–11.

55.     In 2006, the U.S. Department of the Treasury froze KindHearts's assets because it coordinated with an official from the Holy Land Foundation after the Holy Land Foundation was designated as a terrorist entity. *Id*. at 10.

56.     Accordingly, Bazian solicited, collected, disbursed, or dispensed, contributions, loans, money, or other things of value for or in the interest of a foreign principal. *See* 22 U.S.C. § 611(c)(1)(iii).

<u>WESPAC</u>

57.     WESPAC reportedly acts as a fiscal sponsor for pro-Hamas and Muslim Brotherhood agents and instrumentalities such as NSJP, the United States Palestinian Community Network, the Palestinian Youth Movement, and Adalah New York. Luke Tress, *Westchester Charity Manages Funding for Hardline Pro-Palestinian* Groups, JERUSALEM POST (Feb. 2, 2024), https://perma.cc/63DY-AW58; see also Complaint ¶ 37, *Parzier v. AJP Educ. Found., Inc.,* No. 1:23-cv-724 (E.D. Va. May 1, 2024), https://perma.cc/VCS2-CTC6.

58.     As previously stated, NSJP carries out activities at the request or under the direction Hamas and other foreign terrorist organizations, hosts terrorists as speakers and spread instructions from Hamas and other groups, and provides direct aid to Hamas and other foreign terrorist organizations. ¶¶ 42–47.

59.     WESPAC's fiscal sponsorship means that these organizations may benefit from tax-deductible donations and grants without the transparency and disclosure required of exempt organizations under the Internal Revenue Code. Joseph Simonson, *Is This Suburban New York Charity a Terrorist Front Group,* WASH. FREE

BEACON (May 20, 2024), https://perma.cc/2YEV-SW5U. According to Kyle Shideler, the director and senior analyst for homeland security and counterterrorism at the Center for Security Policy, "a lot of these fiscal sponsors have some historical relationship to foreign influence networks that never seem to have gone away." *Id*.

60.    Accordingly, WESPAC solicited, collected, disbursed, or dispensed, contributions, loans, money, or other things of value for or in the interest of a foreign principal. *See* 22 U.S.C. § 611(c)(1)(iii).

**Claim for Relief**
*Violation of the Administrative Procedure Act*

61.    America First Legal repeats paragraphs 1–60.

62.    The Attorney General has a ministerial and non-discretionary duty to ensure that AMP, NSJP, Abuirshaid, Bazian, and WESPAC each file a "true and complete registration statement" under oath and on a form prescribed by the Attorney General under 22 U.S.C. § 612(a).

63.    On August 16, 2024, America First Legal filed a complaint with the Department alleging that AMP, NSJP, Abuirshaid, Bazian, and WESPAC were required to register as a foreign agent. *See* Exhibit 1. To date, the Department has neither adjudicated this complaint nor required AMP, NSJP, Abuirshaid, Bazian, and WESPAC to register as a foreign agent, thereby unlawfully withholding and unreasonably delaying nondiscretionary agency action.

64.    The defendants' refusal to require AMP, NSJP, Abuirshaid, Bazian, and WESPAC to file registration statements has deprived America First Legal of access to information for which it has a statutory right. This information is directly related

17

both to America First Legal's informed participation in the political process with respect to its advocacy of America First policies aimed at protecting our nation's sovereignty, economic security, and Constitution; and to its core public education mission of disclosing relevant information regarding the operation of the government and the integrity of public officials. Therefore, America First Legal has suffered an injury in fact.

65.     Congress directed the defendants first to require AMP, NSJP, Abuirshaid, Bazian, WESPAC, and others like them to file registration statements and then to make those statements public.

66.     The Administrative Procedure Act was enacted, in part, to ensure organizations like America First Legal may seek judicial review and a compliance order when Executive Branch agencies wrongfully fail or refuse to turn over public information, thereby fortifying Congress's constitutional oversight function. *See* Mathew D. McCubbins & Thomas Schwartz, *Congressional Oversight Overlooked: Police Patrols Versus Fire Alarms*, 28 AM. J. POL. SCI. 168–169 (1984) (describing Congress as using administrative procedures to delegate oversight responsibilities); McNollGast, *Administrative Procedures as Instrument of Political Control*, 3 J. L. ECON. & ORG. 254 (1987) (same); DANIEL Z. EPSTEIN, THE INVESTIGATIVE STATE: REGULATORY OVERSIGHT IN THE UNITED STATES (Sep. 2023) (providing empirical evidence that Congress's capacity to conduct oversight depends upon regulated parties reporting violations of administrative procedures).

67.     Accordingly, America First Legal is entitled to relief under 5 U.S.C. § 706(1), (2)(A), to vindicate its informational rights.

**Prayer for Relief**

WHEREFORE, America First Legal respectfully requests that this Court:

A.     Compel the defendants to require AMP, NSJP, Abuirshaid, Bazian, and WESPAC to register as foreign agents in compliance with the Foreign Agent Registration Act under 5 U.S.C. § 706(1).

B.     Hold unlawful the defendants' refusal to require AMP, NSJP, Abuirshaid, Bazian, and WESPAC to register as a foreign agent under the Foreign Agent Registration Act under 5 U.S.C. § 706(2)(A).

C.     Grant it appropriate fees, costs, expenses, and disbursements, including reasonable attorneys' fees; and

D.     Grant it such additional relief as the Court deems just.


November 1, 2024                          Respectfully submitted,


                                         */s/ Michael Ding*
                                         REED D. RUBINSTEIN (D.C. Bar 400153)
                                         MICHAEL DING (D.C. Bar 1027252)
                                         AMERICA FIRST LEGAL FOUNDATION
                                         611 Pennsylvania Ave SE #231
                                         Washington, D.C. 20003
                                         Tel.: (202) 964-3721
                                         E-mail: reed.rubinstein@aflegal.org
                                         E-mail: michael.ding@aflegal.org

                                         *Counsel for America First Legal Foundation*