### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| **AMERICA FIRST LEGAL** | ) | |
| **FOUNDATION** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-03105 (RJL) |
| | ) | |
| **MERRICK GARLAND**, *Attorney General* | ) | |
| *of the United States, in his official capacity*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **JUSTICE**, | ) | |
| | ) | |
| *Defendants*. | ) | |

_____)

### DEFENDANTS' MOTION TO EXCUSE
### COMPLIANCE WITH LOCAL CIVIL RULE 7(n)

Defendants Merrick Garland, in his official capacity as Attorney General of the United States, and the United States Department of Justice, move to be excused from any obligation pursuant to Local Civil Rule 7(n) to file a certified list of the contents of the administrative record simultaneously with their forthcoming dispositive motion to dismiss, due on January 6, 2025. Undersigned counsel has conferred with counsel for America First Legal Foundation ("AFLF") regarding the relief Defendants seek here.  AFLF opposes the relief requested herein.

### BACKGROUND

AFLF filed its Complaint on November 1, 2024.  ECF Nos. 1, 2.  It seeks an order compelling Defendants to require particular organizations and individuals, specifically "AMP, NSJP, Abuirshaid, Bazian, and WESPAC[,]" to register as foreign agents under the Foreign Agent Registration Act. Compl., Prayer for Relief ¶ A, ECF No. 2.

1

## ARGUMENT

Defendants request relief from the requirements of Local Civil Rule 7(n) because an administrative record is unnecessary to decide Defendants' forthcoming motion to dismiss. The motion will raise threshold questions of law that will not rely on any materials that would be part of an administrative record.

Plaintiff's claims in this case are based on alleged agency action or inaction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*. *See* Compl. ¶ 67 (seeking relief under 5 U.S.C. §§ 706(1) and 706(2)). "[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The entire case on review is a question of law," and the "complaint, properly read, actually presents no factual allegations, but rather only arguments about the legal conclusion to be drawn about the agency action." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993). The court bases its "review of an agency's actions on the materials that were before the agency at the time its decision was made," that is, the administrative record. *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The APA specifically contemplates judicial review on the basis of the agency record compiled in the course of informal agency action in which a hearing has not occurred."). The "record review requirement 'applies [regardless of] whether a court is reviewing agency action or inaction.'" *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 540 (D.D.C. 2021) (quoting *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10 (D.D.C. 2001)).

The Local Civil Rules further address the Court's role in the context of an APA challenge. Under Local Civil Rule 7(n), "unless otherwise ordered by the Court," the defending agency must "file a certified list of the contents of the administrative record with the Court within 30 days

following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first."  LCvR 7(n)(1).  "Thereafter, counsel shall provide the Court with an appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of or in opposition to any dispositive motion."  *Id*.  The purpose of the rule is to "assist the Court in cases involving a voluminous record . . . by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion."  Comment to LCvR 7(n).

However, courts in this district routinely waive the defending agency's obligation when, as here, an administrative record is unnecessary to decide a dispositive motion.  *See, e.g.*, *Moyar v. Dep't of Def.*, No. 22-478 (TJK), 2023 WL 2662915, at *3 n.3 (D.D.C. Mar. 28, 2023) (excusing the agency's responsibilities under Local Civil Rule 7(n) "because the administrative record is not necessary for the Court's decision regarding the motion to dismiss" (cleaned up)); *Desai v. U.S. Citizenship & Immigr. Servs.*, No. 20-1005 (CKK), 2021 WL 1110737, at *5 n.7 (D.D.C. Mar. 22, 2021) ("Consistent with other courts in this jurisdiction, the Court shall grant the Government's motion to waive compliance with Local Civil Rule 7(n)'s requirement that the agency submit an index of the administrative record."); *Nohria v. Renaud*, No. 20-cv-2085 (BAH), 2021 WL 950511, at *4 n.3 (D.D.C. Mar. 14, 2021) ("Following the practice of other courts in this jurisdiction" and "waiv[ing] compliance with Local Civil Rule 7(n) because the administrative record is not necessary for the court's decision" (cleaned up)); *E. Atl. Servs. & Trading LLC v. Mayorkas*, No. CV 23-1946 (RJL), 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024) (waiving compliance with Local Civil Rule 7(n) because the court did "not rely on the administrative record to decide the motions at issue" and the court "agree[d] with the defendants that the complaint should be dismissed").

3

Defendants' motion to dismiss will raise threshold legal questions that the Court can resolve without consulting any administrative record that may exist. Defendants' motion to dismiss will contend, among other things, that AFLF lacks standing and its suit is unreviewable because it asks the Court to superintend Defendants' enforcement of FARA, a matter that is committed to Defendants' "absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). AFLF concedes that Defendants have unreviewable discretion to pursue criminal enforcement actions for FARA violations, *see* Compl. ¶ 32, but nonetheless argues that the statute imposes nondiscretionary duties on Defendants to "ensure that AMP, NSJP, Abuirshaid, Bazian, and WESPAC each file a 'true and complete registration statement[,]'" *id.* at ¶ 62. This is a purely legal dispute over whether Defendants' authority to seek FARA registration information implicates their absolute enforcement discretion or is a statutorily imposed nondiscretionary duty. The resolution of these legal issues on Defendants' motion to dismiss does not require reference to an administrative record.

## CONCLUSION

For these reasons, the Court should excuse Defendants' administrative record-related duties under Local Rule 7(n) until Defendants' motion to dismiss is resolved. A proposed order is attached.

Dated: December 26, 2024                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director
Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel

Federal Programs Branch

*/s/ Allison M. Walter*
ALLISON M. WALTER
D.C. Bar No. 90008637
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 616-8492
Email: allison.m.walter@usdoj.gov

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 26, 2024, I filed the foregoing with the Clerk of the Court electronically via the Court's ECF system which sent notification of such filing to counsel of record for all parties.

<u>/s/ *Allison M. Walter*</u>
ALLISON M. WALTER
D.C. Bar No. 90008637
Trial Attorney, U. S. Dept. of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, D.C.