IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICA FIRST LEGAL FOUNDATION** )<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>**PAMELA BONDI**,  )<br>*Attorney General of the United States,*  )<br>*in her official capacity*,  )<br>)<br>and  )<br>)<br>**UNITED STATES DEPARTMENT OF JUSTICE**,  )<br>)<br>*Defendants*.  )<br>) | Civil Action No. 1:24-cv-03105 (RJL) |

### DEFENDANTS' MOTION FOR LEAVE TO SUBMIT INFORMATION FOR THE COURT'S EX PARTE AND IN CAMERA REVIEW

This case concerns Plaintiff's attempt to obtain a court order forcing the Department of Justice (DOJ) to require AMP, NSJP, Abuirshaid, Bazian, and WESPAC to register as foreign agents in compliance with the Foreign Agents Registration Act (FARA). In conjunction with DOJ's reply memorandum in support of its motion to dismiss, DOJ seeks to provide the Court with information concerning whether or not an investigation exists into the groups and individuals named in Plaintiff's Complaint. Given the sensitivity of this information, DOJ moves for leave to submit this information to the Court *ex parte* and *in camera*.[1]

---

[1] Counsel for Defendants has conferred with Plaintiff's counsel pursuant to Local Civil Rule 7(m), and Plaintiff does not oppose this motion.

**ARGUMENT**

"[I]n cases in which sensitive materials may be in issue, . . . the court has inherent authority to review such material *ex parte*, *in camera* as part of its judicial review function." *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016) (cleaned up) (citation omitted); *see also Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004) (collecting cases).

As a general rule, DOJ does not confirm, deny, or comment on pending investigations, both to protect the integrity of any investigation and the rights of any accused. Publicly acknowledging the existence or non-existence of an investigation could interfere with any pending investigation by informing individuals who are subjects or witnesses in advance of a time or circumstances determined by investigators, thereby posing the risk of adversely affecting subsequent testimony as well as the gathering of evidence. Disclosure may also alert other individuals, including future potential subjects and witnesses, about the focus and scope of any investigation. Such a disclosure might influence their behavior or testimony in ways that may adversely affect any investigation, including by altering their testimony, taking defensive actions to conceal their activities or evidence, eluding detection, or altering or fabricating evidence. Even a public denial about an investigation could harm the Government's law enforcement interests by revealing important information about enforcement priorities, DOJ's investigative focus, or what matters have or have not been investigated. For these reasons, *ex parte* submissions "are particularly appropriate" where, as here, disclosure could reveal the target of a criminal investigation. *See United States v. Loera*, No. 09-CR-466BMCS4, 2017 WL 2821546, at *2 (E.D.N.Y. June 29, 2017); *see also Agrama Internal Revenue Serv.*, No. 17-5256, 2019 WL 2067719, at *2 (D.C. Cir. Apr. 19, 2019) (reviewing information *ex parte* that could "reveal the scope and direction of the investigation and could allow the target to destroy or alter evidence,

fabricate fraudulent alibis, and intimidate witnesses") (quoting *North v. Walsh*, 881 F.2d 1088, 1097 (D.C. Cir. 1989).

Here, DOJ seeks to provide the Court with information concerning whether or not an investigation exists into the groups and individuals named in Plaintiff's Complaint. For the reasons stated above, regardless of whether or not an investigation exists, this information must be provided to the Court *ex parte* and *in camera* to prevent harm to DOJ's law enforcement and investigative interests.

In the event the Court grants this motion, DOJ will make appropriate arrangements to provide the information to the Court *in camera* and *ex parte*.

Dated: February 25, 2025

Respectfully submitted,

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director
Federal Programs Branch

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ Allison M. Walter*
ALLISON M. WALTER
D.C. Bar No. 90008637
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 616-8492
Email: allison.m.walter@usdoj.gov

*Counsel for Defendants*