## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERICA FIRST LEGAL FOUNDATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Case No. 24-3105 (RJL)** |
| | ) | |
| **PAMELA BONDI, Attorney General of the United States, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION
August __5__, 2025 [Dkt. #5, Dkt. #6]

Plaintiff America First Legal Foundation ("plaintiff") brings this action against the Department of Justice ("DOJ") and the Attorney General of the United States (together, "defendants"), seeking to compel defendants to register certain entities under the Foreign Agents Registration Act ("FARA"), 22 U.S.C. § 611 *et seq.* Plaintiff alleges that defendants have abdicated their duties to enforce FARA, and thus filed suit under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* Now before the Court are two motions: defendants' motion to dismiss and defendants' motion to excuse production of the administrative record. For the reasons set forth below, I will **GRANT** both motions.

## I.   BACKGROUND

### A.   Statutory and Regulatory Background

FARA is designed "to prevent covert influence over U.S. policy by foreign principals." *United States v. Craig*, 401 F. Supp. 3d 49, 54 (D.D.C. 2019); *see also United*

*States v. McGoff*, 831 F.2d 1071, 1073–74 (D.C. Cir. 1987). To that end, FARA requires agents of foreign principals to register with the Attorney General. 22 U.S.C. § 612(a). "Foreign principals" include, but are not limited to, foreign governments; foreign political parties; persons outside of the United States who are not citizens of or domiciled within the United States; and foreign partnerships, associations, corporations, and organizations. *Id.* § 611(b). An "agent of a foreign principal" is any person who (1) "acts as an agent, representative, employee, or servant" or "in any other capacity at the order, request, or under the direction or control, of a foreign principal"; and (2) takes certain actions within the United States on behalf of that foreign principal, such as engaging in political activities, serving as public relations counsel, collecting or disbursing money, or representing the foreign principal before U.S. Government agencies. *Id.* § 611(c).

Absent an exemption, an agent of a foreign principal must file with the Attorney General a registration statement which includes information about the agent, the foreign principal, their relationship, and the agent's activities on behalf of the foreign principal. *Id.* § 612(a). Submitted registration statements are "public records and open to public examination." *Id.* § 616(a). The Attorney General must make each submitted registration statement or its contents available to the public over the Internet. *Id.* § 616(d).

Failure to register can carry criminal penalties. *Id.* § 618(a). Additionally, "[w]henever in the judgment of the Attorney General any person" fails to comply with FARA's requirements, "the Attorney General may make application to the appropriate United States district court for an order enjoining such acts or enjoining such person from continuing to act as an agent of such foreign principal, or for an order requiring compliance

2

with any appropriate provision of [FARA] or regulation thereunder." *Id.* § 618(f).  "The district court shall have jurisdiction and authority to issue a temporary or permanent injunction, restraining order or such other order which it may deem proper." *Id.*

    B.   <u>Factual and Procedural Background</u>

    Plaintiff is "a national nonprofit legal foundation that advocates for 'America First' policies" and, "[t]o that end, it gathers official information, analyzing and disseminating it through reports, press releases, media, and communications with congressional oversight committees."    Compl. [Dkt. #2] ¶ 5.    Plaintiff believes that certain entities and individuals—AJP Educational Foundation, Inc., National Students for Justice in Palestine, Osama Abuirshaid, Hatem Bazian, and WESPAC Foundation, Inc. (together, the "alleged agents")—are agents of "Hamas, the Palestinian Authority, the Palestine Liberation Organization, Islamic Jihad, and other similar 'Palestinian' organizations or persons." *Id.* ¶¶ 35, 41, 47, 51, 56, 60.  In August 2024, plaintiff petitioned defendants to register the alleged agents under FARA.  *Id.* ¶ 63.  According to plaintiff, defendants have neither adjudicated this petition nor required the alleged agents to register.  *Id.*

    Plaintiff filed suit in this Court in November 2024, asserting that defendants violated the APA by failing to enforce FARA's registration requirements against the alleged agents. *Id.* ¶¶ 61–67.  Plaintiff asks the Court to (1) "[c]ompel the defendants to require [the alleged agents] to register as foreign agents"; and (2) "[h]old unlawful the defendants' refusal to require" their registration.  *Id.* at 19 (Prayer for Relief).

    Defendants filed a motion to dismiss and a motion to excuse compliance with Local Civil Rule 7(n).  *See generally* Defs.' Mot. to Excuse Compliance with Loc. Civ. Rule 7(n)

("Defs.' LCvR 7(n) Mot.") [Dkt. #5]; Defs.' Mot. to Dismiss Pl.'s Compl. ("Defs.' MTD")
[Dkt. #6].  The Court ordered the parties to brief the motions together, and they are now
ripe.  Pl.'s Mem. Opposing Defs.' Mot. to Dismiss and Excuse Compliance with Loc. Civ.
Rule 7(n) ("Pl.'s Combined Opp'n") [Dkt. #7]; Defs.' Reply in Supp. of Mot. to Dismiss
and to Excuse Compliance with Loc. Civ. Rule 7(n) ("Defs.' Combined Reply") [Dkt. #11].

## II.  MOTION TO DISMISS

Defendants seek dismissal of plaintiff's Complaint for lack of standing and for
failure to state a claim.  *See generally* Defs.' MTD.  Because I agree with defendants on
the former, I need not reach the latter.

"[O]ne 'essential and unchanging part of the case-or-controversy requirement' is
that a plaintiff must establish Article III standing to sue."  *See Kareem v. Haspel*, 986 F.3d
859, 865 (D.C. Cir. 2021) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560
(1992)).  Plaintiff alleges informational standing: It has a statutory right to information
which would be in the alleged agents' registration statements, but it has been wrongfully
deprived of that information.  *See* Pl.'s Combined Opp'n at 3–8.  While informational
injury *can* support standing, plaintiff has not met the standing requirements here.

"Under any theory, 'the irreducible constitutional minimum of standing contains
three elements': (1) the plaintiff must have suffered an 'injury in fact' that is 'concrete and
particularized' and 'actual or imminent, not conjectural or hypothetical'; (2) there must
exist 'a causal connection between the injury and the conduct complained of'; and (3) it
must be 'likely, as opposed to merely speculative, that the injury will be redressed by a
favorable decision.'"  *Friends of Animals v. Jewell*, 828 F.3d 989, 991–92 (D.C. Cir. 2016)

(quoting *Lujan*, 504 U.S. at 560–61). In assessing standing, the Court assumes the merits of plaintiff's legal claim and accepts the factual allegations in the Complaint as true. *See Tanner-Brown v. Haaland*, 105 F.4th 437, 443, 445 (D.C. Cir. 2024). Still, plaintiff ultimately bears the burden of establishing standing. *Friends of Animals*, 828 F.3d at 992.

Plaintiff here has failed to carry this burden, as its injury in fact and redressability arguments ignore the structure of FARA's registration and enforcement mechanisms.[1] *First,* as to injury in fact, plaintiff must show the alleged injury is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical[.]'" *Id.* at 991–92 (quoting *Lujan*, 504 U.S. at 560–61). Plaintiff's claimed injury is that "defendants' refusal to require [the alleged agents] to file registration statements has deprived [plaintiff] of access to information for which it has a statutory right." Compl. ¶ 64; *see also* Pl.'s Combined Opp'n at 3–4. Assuming *arguendo* that plaintiff has alleged a concrete and particularized informational injury, it has not established that this injury is actual and imminent, as opposed to conjectural and hypothetical. *See Friends of Animals*, 828 F.3d at 991–92. Plaintiff has a statutory right to the alleged agents' registration statements only once those statements have been filed with the Attorney General. *See* 22 U.S.C. § 616(a). For that to occur, a long and uncertain chain of events would have to unfold first.

Neither defendants, nor this Court, can register the alleged agents or require the alleged agents to register themselves. FARA places the onus of registration on the entities acting as agents of foreign principals. *See id.* § 612(a). If the Attorney General believes

---

[1] The Court need not reach the issue of traceability, as plaintiff must establish all three elements of standing and here fails to establish at least two of them.

an entity needs to register, she must either pursue a criminal case or file a civil suit seeking an injunction ordering the alleged agents to register. *See id.* §§ 618(a), (f). This Court cannot issue such an injunction in this lawsuit because the alleged agents are not parties to this case and because FARA does not provide a private right of action. *See Comm. for Free Namibia v. South West Africa People's Org.*, 554 F. Supp. 722, 725 (D.D.C. 1982) (finding that there is no private right of action under FARA).

Instead, the most this Court can do would be to order defendants to file a *separate* lawsuit seeking an injunction.[2] Defendants would then have to persuade the court handling that case that the alleged agents violated FARA and that an injunction ordering registration is appropriate. Only once the alleged agents comply with that injunction would the Attorney General be obligated to make their registration statements publicly available to plaintiff and others.

As such, plaintiff's purported injury in fact depends on the outcome of a separate case and "is too speculative to invoke the jurisdiction of an Art. III court." *See Whitmore v. Arkansas*, 495 U.S. 149, 157–59 (1990) (finding that an alleged injury in fact was "nothing more than conjecture" because "[i]t is just not possible for a litigant to prove in advance that the judicial system will lead to any particular result in his case"); *see also*

---

[2] It is questionable whether this Court could even issue such an order. Defendants compellingly argue that deciding whether to pursue enforcement of a potential FARA violation is an act of prosecutorial and enforcement discretion, and that a court order requiring defendants to prosecute the alleged agents would inappropriately involve the Court in such discretionary decision-making. *See* Defs.' MTD at 9–11, 15–16; *see also United States v. Texas*, 599 U.S. 670, 684–85 (2023) ("[T]his case raises only the narrow Article III standing question of whether the Federal Judiciary may in effect order the Executive Branch to take enforcement actions against violators of federal law—here, by making more arrests. Under this Court's Article III precedents and the historical practice, the answer is no.").]

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 414 (2013) (emphasizing the Supreme Court's "reluctance to endorse standing theories that rest on speculation about the decisions of independent actors"). Plaintiff therefore fails to establish the injury in fact element of standing.

*Second*, and for essentially the same reasons, plaintiff cannot establish redressability. Plaintiff must "show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *ASPCA v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 338 (D.C. Cir. 2003) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). As discussed, the outermost limit of this Court's ability to provide relief would be ordering defendants to initiate a separate lawsuit. I do not have a crystal ball to reveal the outcome of that case, nor could I simply mandate that the other court rule in defendants' favor. Since any prospect of relief in this lawsuit is purely speculative, plaintiff has failed to establish redressability. *See Hecate Energy LLC v. FERC*, 126 F.4th 660, 666 (D.C. Cir. 2025) (explaining that "standing theories that require guesswork as to how independent decisionmakers will exercise their judgment" are not sufficient to establish redressability (quoting *Murthy v. Missouri*, 603 U.S. 43, 57 (2024))).

Plaintiff cannot show injury in fact or redressability, and therefore cannot establish standing. I will grant defendants' motion to dismiss with prejudice.[3]

---

[3] "A dismissal with prejudice is warranted only when a trial court 'determines that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."'" *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (emphasis omitted) (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)). Here, plaintiff fails to establish standing because of FARA's statutory enforcement scheme and this Court's inability to either predict or mandate the outcome of a case before another court. There are no facts plaintiff could plead to overcome these obstacles.

### III.    MOTION TO EXCUSE COMPLIANCE WITH LOCAL CIVIL RULE 7(N)

Defendants also move to excuse compliance with Local Civil Rule 7(n), which provides that "[i]n cases involving the judicial review of administrative agency action . . . the agency must file a certified list of the contents of the administrative record with the Court . . . simultaneously with the filing of a dispositive motion."  Loc. Civ. R. 7(n). Defendants seek excusal from this obligation because their motion to dismiss raises only threshold questions of law and does not rely on any materials that would be part of the administrative record.  *See* Defs.' LCvR 7(n) Mot. at 2.  As set forth above, I will grant defendants' motion to dismiss with prejudice, and the grounds for doing so do not require production of the administrative record.  *See supra* Section II.  I will therefore grant defendants' motion to excuse compliance with Local Civil Rule 7(n).

### IV.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss and motion to excuse compliance with Local Civil Rule 7(n) are **GRANTED** and the Complaint is **DISMISSED** with prejudice.  A separate Order consistent with the above accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge